UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------
J. W., an infant by his parents and
natural guardians, VALERIE MULLIGAN and          COMPLAINT
JOHN WILLIAMS and VALERIE MULLIGAN,
Individually and JOHN WILLIAMS,
Individually,

                              Plaintiffs,

        -against-

THE UNITED STATES OF AMERICA,

                              Defendant.
---------------------------------------------

        Plaintiffs, by their attorneys, THE COCHRAN FIRM, PAUL

B. WEITZ & ASSOCIATES, P.C., as and for a Complaint herein,

respectfully set forth and allege:

              AS AND FOR A FIRST CAUSE OF ACTION ON
              BEHALF OF PLAINTIFF J. W.:


        1. That at all times herein mentioned, the defendant,

THE UNITED STATES OF AMERICA, was and still is a corporation,

agency, sovereign and body politic, and that the U.S. Department

of Health and Human Services is a constituent department or body

of the UNITED STATES OF AMERICA, and that the said U.S.

Department of Health and Human Services is under the direction

and control of the defendant THE UNITED STATES OF AMERICA.

        2. That on or about October 22, 2015, and within the

period of time prescribed by statute, law and/or Court, the

plaintiffs did file three separate SF-95 Claim forms and/or FTCA

{00055590:}

                              -1-

Claim forms, in writing, sworn to by the plaintiffs containing the name and post office address of the plaintiffs and plaintiff's attorney, the nature of the claim, the time when, the place where and the manner by which the claim arose, the items of damage and the injuries claimed to have been sustained, to be served upon the defendant THE UNITED STATES OF AMERICA, pursuant to Federal Tort Claims Act 28 U.S.C., Section 2675(a), by delivering a copy thereof to the person designated by law as a person to whom such claims may be served at the United States Department of Health and Human Services.

3. That said U.S. Department of Health and Human Services did finally deny said claims by letter dated June 30, 2016.

4. That on or about December 1, 2016, plaintiffs did file with the aforesaid U.S. Department of Health and Human Services a request for reconsideration of the aforementioned denial.

5. That said U.S. Department of Health and Human Services did finally deny plaintiff's request for reconsideration by letter dated February 17, 2017.

6. That this claim is brought under and by virtue of the Federal Tort Claims Act, US Code Annotated Judiciary and Judicial Procedure, 28 US Code, and other applicable statutes and precedents.

{00055590:}

7. That this action falls within one or more of the exceptions set forth in the Federal Rules of Civil Procedure.

8. That the matter in controversy, exclusive of interest and costs, exceeds the sum of $100,000.00

9. That by reason of the foregoing, this Court has jurisdiction over this matter.

10. That at all times herein mentioned, Morris Heights Health Center, was a federally funded facility subject to rules and regulations of the Federal Tort Claims Act.

11. That at all times herein mentioned, Morris Heights Health Center, came under the jurisdiction of and/or was covered by, regulated and/or incorporated within the UNITED STATES OF AMERICA.

12. That at all times herein mentioned, the defendant, THE UNITED STATES OF AMERICA, owned a medical facility known as Morris Heights Health Center, located at 85 West Burnside Avenue, in the County of Bronx, State of New York.

13. That at all times herein mentioned, the defendant, THE UNITED STATES OF AMERICA, its servants, agents and/or employees operated said medical facility known as Morris Heights Health Center, located at 85 West Burnside Avenue, in the County of Bronx, State of New York.

14. That at all times herein mentioned, the defendant, THE UNITED STATES OF AMERICA, its servants, agents and/or

{00055590:}

employees maintained said medical facility known as Morris
Heights Health Center, located at 85 West Burnside Avenue, in the
County of Bronx, State of New York.

15. That at all times herein mentioned, the defendant,
THE UNITED STATES OF AMERICA, its servants, agents and/or
employees managed said medical facility known as Morris Heights
Health Center, located at 85 West Burnside Avenue, in the County
of Bronx, State of New York.

16. That at all times herein mentioned, the defendant,
THE UNITED STATES OF AMERICA, its servants, agents and/or
employees controlled said medical facility known as Morris
Heights Health Center, located at 85 West Burnside Avenue, in the
County of Bronx, State of New York.

17. That at all times herein mentioned, Morris Heights
Health Center, was a Federally Qualified Health Center, has been
a Health Center Program under 42 U.S.C.§254(b), and is deemed a
Federal Public Health Services employee under the Federally
Supported Health Centers Assistance Act of 1995 (Pub.La.No.104-
73, 109 Stat.777, codified at 42 U.S.C.§233(g)-(n).

18. That at all times herein mentioned, the defendant,
THE UNITED STATES OF AMERICA, represented that Morris Heights
Health Center was a medical facility duly qualified and capable
of rendering competent medical, podiatric, diagnostic and
surgical care, to the general public, including the infant

{00055590:}

plaintiff herein.

19. That at all times herein mentioned, the defendant, THE UNITED STATES OF AMERICA, furnished and/or provided doctors, podiatrists, nurses and other medical personnel at said medical facility known as Morris Heights Health Center, to afford medical, podiatric, diagnostic and surgical care, advice, referral, recommendations, management and treatment to the general public, including the infant plaintiff herein.

20. That at all times herein mentioned, the defendant, THE UNITED STATES OF AMERICA, hired, employed and/or assigned a certain podiatrist, to wit: Jillian Marville, at said medical facility known as Morris Heights Health Center, to afford medical, podiatric, diagnostic and surgical care, advice, referral, recommendations, management and treatment to the general public, including the infant plaintiff herein.

21. That at all times herein mentioned, the defendant, THE UNITED STATES OF AMERICA, hired, employed and/or assigned a certain podiatrist, to wit: Donna Alfieri, at said medical facility known as Morris Heights Health Center, to afford medical, podiatric, diagnostic and surgical care, advice, referral, recommendations, management and treatment to the general public, including the infant plaintiff herein.

22. That at all times herein mentioned, the defendant,

{00055590:}

THE UNITED STATES OF AMERICA, did agree to and did hold itself out as maintaining at the said medical facility known as Morris Heights Health Center, an adequate and competent staff, including doctors, podiatrists, and other medical, and surgical personnel, including Jillian Marville and Donna Alfieri, and further warranted that the members of its said staff were qualified and trained for the purpose of providing such medical, podiatric, diagnostic and surgical care, advice, referral, recommendation, management, treatment, delivery and attention as they would be required to provide in accordance with the accepted standards of medical, podiatric, diagnostic and surgical practice to persons seeking and requiring medical and podiatric care and attention, including the infant plaintiff herein, and said defendant further held itself out as being equipped in sufficient manner to render such care, advice, referral, recommendation, management, and treatment at its said medical facility.

23. That at all times herein mentioned, Morris Heights Health Center, was and is fully accredited by the Joint Commission on Accreditation of Medical facilities and said defendant's manuals, rules, regulations, practices, procedures, techniques and functions were required to be in accordance with the standards and conditions of the said Joint Commission on Accreditation of Hospitals.

{00055590:}

24. That the defendant THE UNITED STATES OF AMERICA, was responsible for the negligent acts and omissions of its agents, servants, affiliated physicians, podiatrists, surgeons and/or employees at the said medical facility known as Morris Heights Health Center, under the theory of respondeat superior.

25. That the defendant THE UNITED STATES OF AMERICA, was responsible for the negligent acts and omissions of said Jillian Marville at the said medical facility known as Morris Heights Health Center, under the theory of respondeat superior.

26. That the defendant THE UNITED STATES OF AMERICA, was responsible for the negligent acts and omissions of said Donna Alfieri at the said medical facility known as Morris Heights Health Center, under the theory of respondeat superior.

27. That at all of the times herein mentioned, defendant THE UNITED STATES OF AMERICA, represented that its servants, agents, affiliated physicians, podiatrists, surgeons, nurses, aides, employees and/or medical personnel at the said medical facility known as Morris Heights Health Center, including Jillian Marville and Donna Alfieri, were capable, competent and qualified to properly and adequately order, recommend, request, advise, perform, render, or provide all of the professional examinations, evaluations, consultations, care, treatments, procedures, tests, studies, services and advice ordered,

{00055590:}

recommended, requested, required and advised for, performed upon, rendered and/or provided to the infant plaintiff.

28. That at all of the times herein mentioned, defendant THE UNITED STATES OF AMERICA, represented that said Jillian Marville was capable, competent and qualified to properly and adequately order, recommend, request, advise, perform, render, or provide all of the professional examinations, evaluations, consultations, care, treatments, procedures, tests, studies, services and advice ordered, recommended, requested, required and advised for, performed upon, rendered and/or provided to the infant plaintiff.

29. That at all of the times herein mentioned, defendant THE UNITED STATES OF AMERICA, represented that said Donna Alfieri was capable, competent and qualified to properly and adequately order, recommend, request, advise, perform, render, or provide all of the professional examinations, evaluations, consultations, care, treatments, procedures, tests, studies, services and advice ordered, recommended, requested, required and advised for, performed upon, rendered and/or provided to the infant plaintiff.

30. That commencing on or about the 22nd day of January, 2010, and/or prior thereto, the plaintiffs engaged the services of the said Morris Heights Health Center, its servants,

{00055590:}

agents, affiliated physicians, podiatrists, surgeons and/or
employees in connection with certain medical, podiatric and/or
surgical care, management, diagnosis, treatment, advice,
recommendation and referral to be rendered to the said infant
plaintiff, J. W., herein.

    31. That commencing on or about the 22nd day of
January, 2010, and/or prior thereto, the plaintiffs engaged the
services of the defendant THE UNITED STATES OF AMERICA, its
servants, agents, affiliated physicians, podiatrists, surgeons
and/or employees at said Morris Heights Health Center, in
connection with certain medical, podiatric and/or surgical care,
management, diagnosis, treatment, advice, recommendation and
referral to be rendered to the said infant plaintiff J. W.,
herein.

    32.  That commencing on or about the 22nd day of
January, 2010, and/or for a period of time prior thereto, and
during a continuous course of treatment subsequently thereafter
until at least February 28, 2014, the plaintiffs engaged the
services of the defendant THE UNITED STATES OF AMERICA, its
servants, agents, affiliated physicians, podiatrists, surgeons
and/or employees at the said Morris Heights Health Center, in
connection with certain medical, podiatric and/or surgical care,
management, diagnosis, treatment, advice, recommendation and

referral to be rendered to the said infant plaintiff J. W.,
herein.

33. That the defendant THE UNITED STATES OF AMERICA, by
its servants, agents, affiliated physicians, podiatrists,
surgeons and/or employees at said Morris Heights Health Center,
did undertake the treatment of the infant plaintiff, J. W., by
providing said infant plaintiff with medical, podiatric,
diagnostic and/or surgical care, testing, diagnosis, evaluation,
advice, referral, management, treatment and attention, and
accepted the infant plaintiff as a patient.

34. That the defendant, THE UNITED STATES OF AMERICA,
by its servants, agents, affiliated physicians, podiatrists,
surgeons and/or employees at said Morris Heights Health Center,
did undertake to diagnose, advise, refer and treat the infant
plaintiff.

35. That commencing on or about the 22nd day of
January, 2010, and/or prior thereto, the plaintiffs engaged the
services of Jillian Marville at the said Morris Heights Health
Center, in connection with certain medical, podiatric and/or
surgical care, management, diagnosis, treatment, advice,
recommendation and referral to be rendered to the said infant
plaintiff J. W., herein.

36. That commencing on or about the 22nd day of

{00055590:}

January, 2010, and/or prior thereto, the plaintiffs engaged the services of Jillian Marville, a servant, agent, physician and/or podiatrist employed by and/or affiliated with THE UNITED STATES OF AMERICA at said Morris Heights Health Center in connection with certain medical, podiatric and/or surgical care, management, diagnosis, treatment, advice, recommendation and referral to be rendered to the said infant plaintiff J. W., herein.

37.   That commencing on or about the 22nd day of January, 2010, and/or for a period of time prior thereto, and during a continuous course of treatment subsequently thereafter until at least September 29, 2011, and/or subsequent thereto, the plaintiffs engaged the services of Jillian Marville, a servant, agent, physician and/or podiatrist employed by and/or affiliated with the defendant THE UNITED STATES OF AMERICA, at the said Morris Heights Health Center, in connection with certain medical, podiatric and/or surgical care, management, diagnosis, treatment, advice, recommendation and referral to be rendered to the said infant plaintiff J. W., herein.

38.   That Jillian Marville, a servant, agent, physician and/or podiatrist employed by and/or affiliated with defendant THE UNITED STATES OF AMERICA, did undertake the treatment of the infant plaintiff, J. W., by providing said infant plaintiff with medical, podiatric, diagnostic and/or surgical care, testing,

{00055590:}

-11-

diagnosis, evaluation, advice, referral, management, treatment and attention, and accepted the infant plaintiff as a patient at said Morris Heights Health Center.

39. That Jillian Marville, a servant, agent, physician and/or podiatrist employed by and/or affiliated with defendant THE UNITED STATES OF AMERICA, at said Morris Heights Health Center, did undertake to diagnose, advise, refer and treat the infant plaintiff.

40. That commencing on or about the 9th day of July, 2013, and/or prior thereto, the plaintiffs engaged the services of Donna Alfieri at the said Morris Heights Health Center, in connection with certain medical, podiatric and/or surgical care, management, diagnosis, treatment, advice, recommendation and referral to be rendered to the said infant plaintiff J. W., herein.

41. That commencing on or about the 9th day of July, 2013, and/or prior thereto, the plaintiffs engaged the services of Donna Alfieri, a servant, agent, physician and/or podiatrist employed by and/or affiliated with THE UNITED STATES OF AMERICA at said Morris Heights Health Center in connection with certain medical, podiatric and/or surgical care, management, diagnosis, treatment, advice, recommendation and referral to be rendered to the said

{00055590:}

infant plaintiff J. W., herein.

42. That commencing on or about the 9th day of July, 2013, and/or for a period of time prior thereto, and during a continuous course of treatment subsequently thereafter until at least February 28, 2014, and/or subsequent thereto, the plaintiffs engaged the services of Donna Alfieri, a servant, agent, physician and/or podiatrist employed by and/or affiliated with the defendant THE UNITED STATES OF AMERICA, at the said Morris Heights Health Center, in connection with certain medical, podiatric and/or surgical care, management, diagnosis, treatment, advice, recommendation and referral to be rendered to the said infant plaintiff J. W., herein.

43. That Donna Alfieri, a servant, agent, physician and/or podiatrist employed by and/or affiliated with defendant THE UNITED STATES OF AMERICA, did undertake the treatment of the infant plaintiff, J. W., by providing said infant plaintiff with medical, podiatric, diagnostic and/or surgical care, testing, diagnosis, evaluation, advice, referral, management, treatment and attention, and accepted the infant plaintiff as a patient at said Morris Heights Health Center.

44. That Donna Alfieri, a servant, agent,

{00055590:}

physician and/or podiatrist employed by and/or affiliated
with defendant THE UNITED STATES OF AMERICA, at said Morris
Heights Health Center, did undertake to diagnose, advise,
refer and treat the infant plaintiff.

    45. That the foregoing treatment, procedures and
management of the infant plaintiff J. W., by the defendant,
THE UNITED STATES OF AMERICA, its servants, agents,
affiliated physicians, podiatrists, surgeons, nurses, aides,
employees and/or personnel at said Morris Heights Health
Center, including but not limited to Jillian Marville and
Donna Alfieri, was performed in a careless, negligent, and
improper manner, and not in accordance with the good and
accepted standards of podiatric, surgical and/or medical
care and practice, thereby causing the infant plaintiff to
sustain severe injuries and damages including an
unreasonable and egregious prolonged failure to diagnose,
biopsy and treat a cancerous sarcoma of the left lower
extremity, presenting as a left foot non-healing ulcer,
resulting in prolonged catastrophic worsening, aggravation,
exacerbation, progression and spread of a cancerous
condition until such time as a left below the knee
amputation could not be avoided, and the infant plaintiff's
medical condition so seriously worsened and deteriorated as

{00055590:}

-14-

to require extensive, otherwise unnecessary,
hospitalizations, surgical procedures and liver transplant.

46. That the foregoing injuries and damages to the
infant plaintiff were caused solely by virtue of the
carelessness, negligence, and malpractice on the part of the
defendant, THE UNITED STATES OF AMERICA, its servants,
agents, affiliated physicians, podiatrists, surgeons,
nurses, aides, employees and/or personnel at said Morris
Heights Health Center, including but not limited to Jillian
Marville and Donna Alfieri, without any negligence on the
part of the plaintiffs contributing thereto.

47. That the podiatric, surgical and/or nursing
examinations, evaluations, care, treatments, procedures,
tests, studies, services, advice, referrals and/or
recommendations ordered, requested, recommended, advised,
performed, rendered, or provided to infant plaintiff J. W.,
by the defendant THE UNITED STATES OF AMERICA, its servants,
agents, affiliated physicians, podiatrists, surgeons,
nurses, aides, employees and/or personnel at said Morris
Heights Health Center, including but not limited to Jillian
Marville and Donna Alfieri, were ordered, requested,
recommended, advised, performed, rendered, or provided by
persons who were incompetent or unqualified to order,

{00055590:}

recommend, request, advise, perform, render or provide examinations, evaluations, care, treatments, procedures, tests, studies, services or advice to and/or for the infant plaintiff.

48. That those persons who ordered, requested, recommended, referred, advised, performed, rendered, or provided examinations, evaluations, care, treatments, procedures, tests, studies, services, or advice to and/or for the infant plaintiff J. W., herein were incompetent and/or unqualified to order, recommend, request, advise, perform, render, or provide such professional examinations, evaluations, care, treatments, procedures, tests, studies, services, or advice of, for, and to said infant plaintiff.

49. That the defendant THE UNITED STATES OF AMERICA failed to promulgate, enforce, abide by, or follow appropriate rules, regulations, guidelines, procedures, policies, or protocols with respect to the performing, rendering or providing of medical, podiatric, surgical and/or nursing examinations, evaluations, care, treatments, procedures, advice, referrals, tests, studies, services, or advice to and/or for the infant plaintiff herein.

50. That by reason of the foregoing, this infant plaintiff was seriously and permanently catastrophically

{00055590:}

injured and damaged.

      51. That by reason of the foregoing, this infant plaintiff was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and the infant plaintiff will be permanently caused to suffer pain, inconvenience and other effects of such injuries; infant plaintiff incurred and in the future will necessarily incur further hospital and/or podiatric expenses in an effort to be cured of said injuries; and said infant plaintiff has suffered and in the future will necessarily suffer additional loss of time and earnings from employment; and said infant plaintiff will be unable to pursue the usual duties with the same degree of efficiency as on/or prior to the negligence and malpractice of the defendant, all to the infant plaintiff's great damage.

      52. That all conditions and requirements precedent to the commencement of this action have been complied with.

      53. That this action falls within one or more of the exceptions set forth in CPLR 1602.

      54. Pursuant to CPLR Section 1602(2)(iv), defendant is jointly and severally liable for all of

{00055590:}

plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of CPLR Section 1601, by reason of the fact that defendant owed the plaintiff a non-delegable duty of care.

55. Pursuant to CPLR Section 1602(2)(iv), defendant is jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of CPLR Section 1601, by reason of the fact that said defendant is vicariously liable for the negligent acts and omissions of those who caused or contributed to the plaintiff's injuries.

56. That this claim has been commenced and this action has been started within the period of time prescribed by statute and law.

57. That by reason of the foregoing, the infant plaintiff has sustained serious injuries and damages in an amount in excess of the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction, in an amount to be determined upon the trial of this action.

{00055590:}

AS AND FOR A SECOND CAUSE OF ACTION ON
BEHALF OF PLAINTIFF VALERIE MULLIGAN:

58.   That plaintiff repeats, reiterates and
realleges each and every allegation as contained in the
First Cause of Action of the within Complaint, with the same
force and effect as though each were more fully set forth at
length herein.

59. That at all times herein mentioned, this
plaintiff was and still is the mother and natural guardian
of the infant plaintiff J. W., and as such is entitled to
the services, society and companionship of the said infant
plaintiff.

60.   That as a result of the foregoing negligence
and malpractice on the part of the defendant, and the
resulting injuries to the infant plaintiff, this plaintiff
has been required to expend various sums of money for the
medical care, consultation, advice and treatment of the
infant plaintiff, and has suffered other indemnifiable
economic losses and has been deprived of the services,
society and companionship of the infant plaintiff.

61. That by reason of the foregoing this plaintiff
has been damaged in an amount which exceeds the monetary
jurisdictional limits of any and all lower Courts which
would otherwise have jurisdiction herein, in an amount to be

{00055590:}

determined upon the trial of this action.

AS AND FOR A THIRD CAUSE OF ACTION ON<br>BEHALF OF PLAINTIFF JOHN WILLIAMS:

62. That plaintiff repeats, reiterates and reallèges each and every allegation as contained in the First and Second Causes of Action of the within Complaint, with the same force and effect as though each were more fully set forth at length herein.

63. That at all times herein mentioned, this plaintiff was and still is the father and natural guardian of the infant plaintiff J. W., and as such is entitled to the services, society and companionship of the said infant plaintiff.

64. That as a result of the foregoing negligence and malpractice on the part of the defendant, and the resulting injuries to the infant plaintiff, this plaintiff has been required to expend various sums of money for the medical care, consultation, advice and treatment of the infant plaintiff, and has suffered other indemnifiable economic losses and has been deprived of the services, society and companionship of the infant plaintiff.

65. That by reason of the foregoing this plaintiff has been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which

{00055590:}

would otherwise have jurisdiction herein, in an amount to be
determined upon the trial of this action.

WHEREFORE, plaintiffs demand judgment against the
defendant, the amount sought on each Cause of Action
exceeding the monetary jurisdictional limits of any and all
lower courts which would otherwise have jurisdiction herein,
in an amount to be determined upon the trial of this action,
together with the costs and disbursements of this action,
and with interest from the date of this occurrence.

Dated: New York, New York
      July 20, 2017

                  Yours, etc.,
                  THE COCHRAN FIRM,
                  PAUL B. WEITZ & ASSOCIATES, P.C.,
                  Attorneys for Plaintiff(s)

                  Michael A. Fischbein
                  55 Broadway
                  New York, New York 10006
                  (212) 346-0045

{00055590:}

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK        )
                         )    ss.:
COUNTY OF NEW YORK       )

Michael A. Fischbein, ESQ., being duly sworn, deposes and says:

That I am an attorney admitted to practice in the Courts of the State of New York, and a Partner with THE COCHRAN FIRM, PAUL B. WEITZ & ASSOCIATES, P.C. attorneys for the plaintiff.

I have read the annexed Complaint and know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true.  My belief, as to those matters therein not stated upon knowledge, is based upon the following: investigation, interviews with client, records, reports, documents, correspondence, data, memoranda, etc., contained in the file.

The reason I make this verification instead of plaintiffs, is that the plaintiffs are presently out of the County of New York, wherein I maintain my offices.

I affirm that the foregoing statements are true under the penalties of perjury.

Dated:     New York, New York
           July 20, 2017

_____
Michael A. Fischbein, ESQ.

{00062096:}